UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SAGEBRUSH LLC D/B/A THE EDGE TREATMENT CENTER,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CIGNA HEALTHCARE OF CALIFORNIA, INC.,<br><br>Defendants. | Case No.: SACV 24-00353-CJC (JDEx)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 13] |

I.    INTRODUCTION

In this case, Plaintiff Sagebrush LLC, doing business as The Edge Treatment Center, alleges that Defendants Cigna Health and Life Insurance Company and Cigna Healthcare of California, Inc. failed to fully compensate it for behavioral health services

it provided to 24 patients at its outpatient clinic between November 2020 and October 2022. (Dkt. 1-3 [Compl.] ¶¶ 9, 11, 12, Ex. 1.) On February 20, 2024, Defendants removed this case from Orange County Superior Court. (Dkt. 1.) Now before the Court is Plaintiff's motion to remand. (Dkt. 13.) For the following reasons, Plaintiff's motion is **DENIED**.

## II. BACKGROUND

Plaintiff operates an outpatient clinic that provides "services for mental health disorders and substance use disorders." (Compl. ¶¶ 11–12.) Defendants are a healthcare insurance company. (Dkt. 14-1 ¶ 5.) Plaintiff alleges that between November 2020 and October 2022 it provided behavioral health services to 24 patients who "were, at all relevant times, policyholders of Cigna policies." (Compl. ¶ 12.) "Before rendering services to [the 24 patients], Sagebrush contacted Cigna and/or its agents via telephone to verify eligibility for insurance coverage and request authorization. Cigna and/or its agents issued authorization to cover the full extent of services provided to [the patients]." (*Id.* ¶ 13.) Over 95% of the corresponding claims were for services rendered to patients with ERISA governed health benefit plans. (Dkt. 14-1 ¶ 5.) At least some of these patients assigned their benefits to Plaintiff. (Dkt. 19 at 1.)

Plaintiff billed Defendants for its services and expected reimbursement in the amount of $8,413,910. (Compl. ¶ 14.) Defendants paid Plaintiff $1,146,562.94. (*Id.* ¶ 15.) Plaintiff submitted written appeals to Defendants, requesting the full billed amount, but Defendants upheld their previous payment determination. (*Id.* ¶ 17.) Based on the alleged balance of $7,267,347.06, Plaintiff brings five causes of action: breach of implied contract, violations of California's unfair competition law ("UCL"), unjust enrichment, quantum meruit, and accounts stated. (*Id.* at 4–11.)

## III. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Thus, for an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-13 (1983). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

## IV. DISCUSSION

Defendants assert that this Court has jurisdiction over this matter because Plaintiff's claims are preempted by ERISA, giving the Court "jurisdiction over this action under 28 U.S.C § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction)." (Dkt. 1 ¶¶ 9–10.) The Court agrees.

## III. LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). A federal district court has jurisdiction over a civil action removed from state court only if the action could have been brought in the federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Thus, for an action to be removed based on federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10-13 (1983). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "[T]he subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

## IV. DISCUSSION

Defendants assert that this Court has jurisdiction over this matter because Plaintiff's claims are preempted by ERISA, giving the Court "jurisdiction over this action under 28 U.S.C § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction)." (Dkt. 1 ¶¶ 9–10.) The Court agrees.

"Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts.'" *Aetna Health Inc. v. Davila*, 52 U.S. 200, 208 (2004) (citing 29 U.S.C. § 1001(b)). "Any state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209. Therefore, while "the existence of a federal defense normally does not create statutory 'arising under' jurisdiction," a claim that "comes within the scope" of ERISA, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 208.

Courts apply a two-part test to determine whether a state law cause of action is completely preempted under ERISA. If the plaintiff "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the [plaintiff's] cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210.

*Davila*'s first prong consists of two subparts: (1) whether the plaintiff has standing to sue under ERISA; and (2) whether the plaintiff's claims fall within the scope of ERISA § 502(a). *Filler v. Anthem Blue Cross*, 2012 WL 12539994, at *5 (C.D. Cal. Dec. 17, 2012). A healthcare provider such as Plaintiff has standing to assert a claim under § 502(a) when a beneficiary has assigned to the provider that individual's right to benefits under the ERISA plan. *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1379 (9th Cir. 1986) (holding healthcare provider, "as assignee of beneficiaries pursuant to assignments valid under ERISA, has standing to assert the claims of his assignors"); *Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999) ("[B]ecause a health care provider-assignee stands in the shoes of the beneficiary, such a provider has standing to sue under § 502(a)(1)(B) to recover

benefits due under the plan."). Plaintiff concedes that it "obtained assignments of benefits from at least one of the at-issue patients."¹ (Dkt. 19 at 1.) The first subpart of the first prong is therefore met.

The second subpart is also met because at least some of Plaintiff's claims fall within the scope of § 502(a) because they, in effect, seek benefits that are owed under an ERISA plan. *See Rudel v. Hawai'i Mgmt. All. Ass'n*, 937 F.3d 1262, 1271 (9th Cir. 2019) ("[I]n substance, [the plaintiff's] claim was one to recover benefits or to clarify his rights to benefits pursuant to the Plan."); *Filler*, 2012 WL 12539994, at *5 ("Because what plaintiffs seek by way of these claims is the benefits they claim are owed to them pursuant to an ERISA-covered benefits plan, these claims can be construed as claims for benefits that could have been brought under section 502(a) at some point in time."). Thus, Plaintiff could have brought at least some of its claims under ERISA.

*Davila*'s second prong requires the Court to determine "whether a claim relies on the violation of a legal duty that arises independently of the plaintiff's, or their assignor's, ERISA plan." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1059 (9th Cir. 2018). When there is no independent legal duty, the claim is preempted. *Davila*, 52 U.S. at 210. "This question requires a practical, rather than a formalistic, analysis because claimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort." *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1110–11 (9th Cir. 2011) (cleaned up). Indeed, "distinguishing between pre-empted and non-pre-empted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the pre-emptive scope of ERISA simply by

---

¹ In its briefing, Plaintiff's primary argument as to the first *Davila* prong was that "Plaintiff is not a 'beneficiary' who has standing to sue under ERISA." (Dkt. 17 at 4–5; Dkt. 13 at 11 [same].) Plaintiff abandoned this argument because, apparently, Plaintiff *is* a "beneficiary" because it obtained assignments of benefits for at least some of the claims at issue. (Dkt. 10 at 1.)

relabeling their . . . claims for tortious breach of contract." *Davila*, 542 U.S. at 214 (cleaned up).

Defendant argues that at least Plaintiff's UCL claim does not arise from an independent duty because the claim is entirely dependent on the existence of ERISA-regulated plans. (Dkt. 14 at 11.) The Court agrees.

Plaintiff alleges that "Defendants have refused to fully reimburse services that were medically necessary," "using or employing unilateral payment practices," paying "arbitrary amounts," and "improperly retaining and withholding . . . funds from providers such as Sagebrush who have provided medically necessary behavioral health services to members." (Compl. ¶¶ 33, 35–36.) In *Cleghorn v. Blue Shield of California*, the Ninth Circuit addressed a similar case in which "[t]he only factual basis for relief" was "the refusal of Blue Shield to reimburse [the plaintiff] for the emergency medical care he received." 408 F.2d 1222, 1226 (9th Cir. 2005). The Ninth Circuit explained that "any duty or liability that Blue Shield had to reimburse him would exist here only because of Blue Shield's administration of ERISA-regulated benefit plans." *Id.* (cleaned up). So too here. In support of its UCL claim, Plaintiff alleges violations of California Health & Safety Code §§ 1371, 1371.35, 1371.36, and 1371.37. (Compl. ¶ 35.) But those statutes do not apply to health insurers like Defendants.[2] *See Sanjiv Goel, M.D., Inc.*, 2024 WL 1361800, at *5 ("[T]he cited statutes of the Health and Safety Code are part of the Knox-Keene Health Care Act, which is inapplicable to the facts of the present case since Knox-Keene applies only to health care service plans and specialized health care service plan contracts, and not to self-funded plans or health insurance policies.") (cleaned up). As

---

[2] Defendants provide, and the Court takes proper judicial notice of, a California Department of Insurance certificate confirming that Defendants are licensed health-care insurers, not a health care service plan. (*See generally* Dkt. 15); *see also Sanjiv Goel, M.D., Inc. v. United Healthcare Servs., Inc.*, 2024 WL 1361800, at *5 (C.D. Cal. Mar. 29, 2024) (taking judicial notice of California Department of Insurance certificate).

pleaded, because Plaintiff fails to identify any duty independent of the patients' benefit plans to reimburse at a different rate, ERISA preempts Plaintiff's UCL claim.  *See, e.g., Sanjiv Goel, M.D., Inc.*, 2024 WL 1361800, at *5 ("Plaintiff cannot assert an independent legal duty outside of ERISA, and the second prong of *Davila* is satisfied."); *Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC*, 2015 WL 5009093, at *7 (E.D. Cal. Aug. 20, 2015) (explaining that ERISA completely preempts similar UCL claims); *Leonard v. Metlife Ins. Co.*, 2013 U.S. Dist. LEXIS 200342, at *15 (C.D. Cal. Feb. 25, 2013) (holding UCL claim was "dependent on the existence of an ERISA-regulated plan).

Because ERISA preempts at least Plaintiff's UCL claim, removal was appropriate. *Melamed v. Blue Cross of California*, 557 F. App'x 659, 661 (9th Cir. 2014) (holding that if "an individual *claim* is completely preempted" "the existence of other nonpreempted claims will not save the case from federal removal jurisdiction").  And because removal is appropriate, there is no basis to award Plaintiff's requested fees.  (*See* Dkt. 13 at 18 [requesting fees because "there was no legal basis to remove the case to federal court"].)

### V.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:   May 13, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE