O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAGEBRUSH LLC d/b/a THE EDGE TREATMENT CENTER,<br><br>            Plaintiff,<br><br>    v.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY and CIGNA HEALTHCARE OF CALIFORNIA, INC.,<br><br>            Defendants. | Case No.: 8:24-cv-00353-MEMF-JDE<br><br>**ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS [ECF NO. 26]** |

Before the Court is Defendants' Motion for Judgment on the Pleadings. ECF No. 26. For the reasons stated herein, the Court hereby GRANTS IN PART the Motion with leave to amend.

/ / /

/ / /

## I. Background

### A. Factual Allegations[1]

Plaintiff Sagebrush LLC ("Sagebrush") provides medically necessary behavioral health services to patients who were, at all relevant times, policyholders of Defendant Cigna Health and Life Insurance Company.[2] Compl. ¶ 12. Before rendering services to patients, Sagebrush contacted Cigna via telephone "to verify eligibility for insurance coverage and request authorization." *Id.* ¶ 13. Cigna issued authorization to cover the full extent of services provided to the patients. *Id.* After treating the patients, Sagebrush billed Cigna for the services provided and expected reimbursement totaling over $8.4 million. *Id.* ¶ 14. Cigna only issued payments totaling around $1.1 million to Sagebrush. *Id.* ¶ 15.

### B. Procedural History

On August 1, 2023, Sagebrush filed its Complaint in County of Orange Superior Court, alleging claims of: (1) breach of implied-in-fact contract; (2) unfair business practices under California's Unfair Competition Law ("UCL"); (3) unjust enrichment; (4) quantum meruit; and (5) account stated. *See* Compl. On February 20, 2024, Cigna removed the action on the basis of federal question jurisdiction. ECF No. 1-1. On May 13, 2024, Judge Carney denied Sagebrush's motion to remand. ECF No. 22.

On August 23, 2024, Cigna filed the instant Motion for Judgment on the Pleadings. ECF No. 26 (the "Motion"). On September 6, 2024, Cigna filed its opposition. ECF No. 27 ("Opposition"). On September 13, 2024, Cigna filed a reply. ECF No. 29 ("Reply"). On February 12, 2025, Cigna filed a notice of supplemental authority. ECF No. 35.

/ / /

---

[1] All facts stated herein are taken from the allegations in Plaintiff's Complaint unless otherwise indicated. ECF No. 1-3 ("Compl."). For the purposes of this Motion, the Court treats these factual allegations as true, but at this stage of the litigation, the Court makes no finding on the truth of these allegations, and is therefore not—at this stage—finding that they are true.

[2] It appears that Defendant Cigna Healthcare of California, Inc. was amended in as a defendant at some point. ECF No. 1-4. The Court will refer to Defendants collectively as "Cigna," and understands their role in the allegations as interchangeable.

## II. Applicable Law

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). A court must construe all factual allegations in the pleadings in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

A motion under Rule 12(c) is considered "functionally identical" to a motion under Rule 12(b)(6). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The key difference between these two motions is just the timing of the filing. *See Dworkin*, 867 F.2d at 1192. Accordingly, judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If judgment on the pleadings is appropriate, a court may grant the non-moving party leave to amend, grant dismissal, or enter a judgment. Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## III. Discussion

Cigna moves for judgment on the basis that Sagebrush has failed to state a claim for all five causes of action and that, alternatively, to the extent any claim for reimbursement is "governed by a self-funded ERISA-governed employee benefit plan," those claims are preempted. Motion at 4. For

the reasons discussed below, the Court finds that the claims are either sufficiently pleaded or that the proposed amendments would be sufficient, and that it need not reach the issue of preemption at this time.

### A. Sagebrush Insufficiently Alleges a Breach of Implied Contract (Claim 1)

The elements of a breach of contract claim are: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Aton Ctr., Inc. v. United Healthcare Ins. Co.*, 93 Cal. App. 5th 1214, 1230 (2023) (citation omitted). A claim for breach of implied contract has the same elements as a claim for breach of contract, "except that the promise is not expressed in words but is implied from the promisor's conduct." *Id*. To show that a contract exists, a plaintiff must allege mutual assent and consideration. *Chandler v. Roach*, 156 Cal. App. 2d 435, 440 (1957).

Here, the Court finds that as alleged, the Complaint does not adequately plead mutual assent. In particular, the Complaint only states that Cigna "issued authorization to cover the full extent of services provided" to its patients. Compl. ¶ 13. Even drawing all inferences in favor of Sagebrush, this allegation has no bearing on how much Cigna agreed to pay for the services. While such authorization manifested an assent to pay *something*, there is no indication that the agreed amount of the payment would be "the usual and customary value of the services." Opposition at 9; *see Allied Anesthesia Med. Grp., Inc. v. Inland Empire Health Plan*, 80 Cal. App. 5th 794, 809 (2022) (finding lack of mutual assent where the complaint failed "to identify any reasonable and customary rate or to assert that such rate was communicated").[3]

Nevertheless, Sagebrush's proposed amendments to the cause of action would likely be sufficient to remedy the deficiency as they provide the context from which it would be reasonable to infer mutual assent to pay a customary rate. In particular, Sagebrush has proposed amendments alleging that Cigna has previously paid for services at 100% of Sagebrush's billed rates. ECF No. 27-1, Ex. A ("Proposed FAC"). Cigna cites non-binding case law for the proposition that

---

[3] The Court does not find that "partial payments" after the fact support mutual assent. Cigna's conduct after the services were performed may at most be extrinsic evidence determining what the parties agreed to, but do not support mutual assent in the first instance. Opposition at 11.

4

"verification of insurance coverage and authorization" itself is insufficient to state an implied contract claim. Motion at 6. However, allegations that Cigna was aware of Sagebrush's rates at the time that it authorized the services at issue provide more than just verification and authorization, and make it reasonable to infer that Cigna was agreeing to pay 100% of the billed rates as it had previously done in the course of the parties' business relationship.[4]

The Court also finds adequate consideration. Cigna seems to argue that since it would have been obligated to pay for the services under its patients' pre-existing insurance coverage anyway, there is a lack of consideration. Motion at 8. However, here, Sagebrush's claim is not premised on the pre-existing insurance contract. The implied contract at issue here has clear and adequate consideration—Sagebrush's performance of services for Cigna's clients. As Sagebrush notes, it was "not obligated" to treat Cigna's patients (Opposition at 12), and doing so no doubt provided some benefit to Cigna. This is sufficient to support consideration.

Accordingly, the Court dismisses Sagebrush's breach of implied contract claim with leave to amend.

### B. Sagebrush Insufficiently Alleges a Claim Under the UCL (Claim 2)

"While the scope of conduct covered by the UCL is broad, its remedies are limited. A UCL is equitable in nature; damages cannot be recovered." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003) (internal citations omitted). In *Sonner v. Premier Nutrition Corporation*, the Ninth Circuit held that a plaintiff "must establish that [it] lacks an adequate remedy at law before securing equitable restitution" under the UCL. 971 F.3d 834, 844 (9th Cir. 2020). In particular, the Ninth Circuit affirmed dismissal of a UCL claim where "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy." *Id.* Here, Sagebrush admittedly seeks the exact same amount under UCL as it does under its other claims seeking actual damages. *See* Compl. ¶¶ 31, 35 (both claims seeking $7,267,347.06). Sagebrush also fails to address this issue in its opposition

---

[4] The Court notes that allegations that a party had previously paid 100% of the billed rates was lacking in *Pacific Bay Recovery, Inc. v. Cal. Physicians' Servs., Inc.*, 12 Cal. App. 5th 200, 216 (2017) and *Allied Anesthesia Med. Group, Inc. v. Inland Empire Health Plan*, 80 Cal. App. 5th 794, 808 (2022), which Cigna cites in support of its arguments.

completely, which the Court considers a concession that it seeks the same in equitable restitution as it does for compensatory damages. *Sonner*, 971 F.3d at 844 (noting the plaintiff "fails to explain how the same amount of money for the exact same harm is inadequate or incomplete").[5]

Accordingly, the Court dismisses Sagebrush's UCL claim without leave to amend.[6]

### C. Sagebrush Sufficiently Alleges a Claim of Unjust Enrichment (Claim 3)

Under California law, there is no "standalone cause of action" for unjust enrichment, but when a plaintiff makes such a claim, "a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). The elements for such a claim require the "receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1593 (2008) (citation omitted).

Cigna contends there is no allegation that Cigna received any benefit from the services provided to its patients, and cites a district court case for the proposition that "services provided by medical providers to patients do not inure to the benefit of the insurers." *Armjio v. ILWU-PMA Welfare Plan*, 2015 WL 13629562, at *24 (C.D. Cal. Aug. 21, 2025). However, the case relied on in *Armijo* was a case that involved pre-existing contracts—the court found that "any benefit conferred upon defendants by [the doctors] was simply an incident to [the doctors'] performance of their own obligations [under applicable agreements]." *Cal. Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal. App. 4th 151, 174 (2001). Here, there are no agreements obligating Sagebrush to perform any services to Cigna's patients. The Complaint alleges that Cigna benefitted from Sagebrush's treatment of its patients and retained the value of those services by not having to pay for those services. Compl. ¶¶ 40–41. There is a specific amount the services were worth, and although Cigna did not directly receive the services, it received the value of those services by paying less than what they allegedly were obligated to pay. As Sagebrush notes, Cigna was "spared the expense of

---

[5] Although the Court acknowledges that a party may generally plead in the alternative, under *Sonner*, it is proper to dismiss a UCL claim on a motion to dismiss based on such a concession.

[6] The Court therefore need not reach the other arguments raised by Cigna on the UCL claim.

having to provide medically necessary services to the patients from another healthcare provider." Opposition at 18. The Court finds this sufficient to plead a benefit, which would have been retained at Sagebrush's expense.

Accordingly, the Court finds the unjust enrichment claim sufficiently pleaded as a quasi-contract claim.

### D. Sagebrush Insufficiently Alleges a Claim of Quantum Meruit (Claim 4)

"[T]o recover under a quantum meruit theory, a plaintiff must establish both that he or she was acting pursuant to either an express or implied request for such services from the defendant and that the services rendered were intended to and did benefit the defendant." *Day v. Alta Bates Med. Ctr.*, 98 Cal. App. 4th 243, 248 (2002) (emphases omitted).

Here, Sagebrush's theory of recovery on its quantum meruit claim specifically relies on compliance with 28 CCR section 1300.71(a)(3)(B). Compl. ¶¶ 46–47. However, (a)(3)(B) makes an exception for providers that provide "non-emergency services"—in such a case, the statute limits reimbursement to "the amount set forth in the enrollee's Evidence of Coverage." 28 CCR § 1300.71(a)(3)(C). Sagebrush does not dispute that the services alleged are non-emergency services. Therefore, any recovery based on quantum meruit under this section is limited by the Evidence of Coverage and is not based on Sagebrush's reasonable and customary values. *See Pacific Bay Recovery, Inc.*, 12 Cal. App. at 209 (2017) ("As such, its right to reimbursement, if any, would be found under the applicable [Evidence of Coverage]."). The California Court of Appeal in *Pacific Bay Recovery* has instructed that "quantum meruit recovery is inappropriate where it would frustrate the law." *Id.* at 215.[7] Thus, as Sagebrush's quantum meruit theory is incompatible with the law, the Court finds that the claim is not sufficiently pleaded.

Accordingly, the Court dismisses the quantum meruit claim without leave to amend as it finds that amendment would be futile as a matter of law.

---

[7] Sagebrush cites to a non-binding district case that was issued prior to *Pacific Bay Recovery* to support its quantum meruit argument. *San Joaquin General Hospital v. United Healthcare Ins. Co.*, 2017 WL 1093835 (E.D. March 23, 2017). However, it does not appear that the allegations in *San Joaquin* were reliant on 28 CCR section 1300.71, and regardless, this Court is bound by *Pacific Bay Recovery*.

### E. Sagebrush Insufficiently Alleges a Claim of Account Stated (Claim 5).

"The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). Here, for the reasons discussed with the implied breach of contract claim, the Court finds this claim insufficient because the allegations do not provide grounds to infer that Cigna agreed to pay any specific amount to Sagebrush. However, as with that claim, the Court finds that Sagebrush's proposed amendments would cure the deficiency.

Accordingly, the Court dismisses the account stated claim with leave to amend.

### F. The Court Does Not Reach the Issue of ERISA Preemption

Cigna contends that regardless of the findings on the prior claims, ERISA preempts all of Sagebrush's claims to the extent that any reimbursement claim is governed by an ERISA plan. ERISA preemption applies to all state laws that "relate to any employee benefit plan that ERISA covers." *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, 103 F.4th 597, 602 (9th Cir. 2024). "The Supreme Court has identified 'two categories' of state law claims that 'relate to' an ERISA plan—claims that have a 'reference to' an ERISA plan, and claims that have 'an impermissible connection with' an ERISA plan." *Id.* The Ninth Circuit in *Bristol* held that "state law contract claims based on an out-of-network provider's calls to a plan admininistrator seeking to verify plan coverage and obtain preauthorization for medical services" were preempted. *Id.* In particular, the Ninth Circuit found the claims both had a reference to as well as an impermissible connection with an ERISA plan. *See id.*

Here, the pleadings do not indicate that there are any ERISA plans at issue. At the hearing, counsel for Cigna pointed to the Complaint's allegation that "Cigna provides and operates health plans that pay for healthcare services provided by Sagebrush to its policy holders and their dependents." Compl. ¶ 3. However, this allegation does not support the existence of an ERISA plan. The Court will therefore refrain from addressing the preemption question unless and until this issue is revealed by the pleadings. This is without prejudice to Cigna raising this issue at the motion for

summary judgment stage to the extent that it is undisputed that some of the reimbursement claims are governed by an ERISA plan.

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Cigna's Motion for Judgment on the Pleadings is GRANTED IN PART:
    a. Claim 1 for breach of implied contract is dismissed with leave to amend;
    b. Claim 2 for violation of the UCL is dismissed without leave to amend;
    c. Claim 4 for quantum meruit is dismissed without leave to amend; and
    d. Claim 5 for account stated is dismissed with leave to amend.
2. Sagebrush is GRANTED LEAVE TO AMEND its claims for breach of implied contract (Claim 1) and account stated (Claim 5) within thirty (30) days of this Order.
3. If Sagebrush does not file an amended complaint within thirty (30) days of this Order, only its claim for unjust enrichment/quasi contract (Claim 3) will remain, and the thirtieth (30th) day from the date of this Order will be deemed the date of filing for purposes of calculating when Cigna's Answer is due.

IT IS SO ORDERED.

Dated: April 21, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge